### Insencio Gonzales v. The State.

No. 9471. Delivered November 11, 1925.

**Carrying a Pistol—Indictment—Held Valid—Procedure Regular.**

Where the indictment was returned into the District Court, and a number placed thereon, and when transferred to the County Court, a new number was placed thereon by the county clerk, a plea to the jurisdiction, and to quash the indictment on these grounds, was properly overruled.

Appeal from the County Court of Willacy County. Tried below before the Hon. W. H. Mead, Judge.

Appeal from a conviction of unlawfully carrying a pistol, penalty a fine of $100.00.

*Davis E. Decker*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the County Court of Willacy County for carrying a pistol, with punishment fixed at a fine of $100.00, this appeal is taken.

There is no denial of the facts in the case, and evidently the appeal is predicated upon certain legal questions. Discussing appellant's plea to the jurisdiction:

(1)

It appears that the indictment was presented in the District Court and was properly ordered transferred to the County Court.

(2)

The transcript shows that the indictment was given a number by the District Clerk, apparently being No. 42.

(3)

That the number given indictment by the District Clerk is not the same as that thereafter placed on said indictment by the Clerk of the County Court to which the case was transferred, would in nowise seem to affect the jurisdiction of the County Court.

(4)

None of the above matters afford ground for a motion to quash the indictment, or support the plea to the jurisdiction.

(5)

The authorities cited by appellant have no application to the case made by the facts.

(6)

The facts show appellant to have been tried in a court of competent jurisdiction, and to be guilty of the offense charged, and the judgment will be affirmed.

*Affirmed.*